# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **DANIEL GONZALES LLAGAS** | **CASE NO. 2:17-CV-00472** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SEALIFT HOLDINGS INC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion to Appoint Arbitrator and, Additionally or in the Alternative, Motion to Enjoin Select Foreign Proceedings" (Rec. 94) filed by defendants, Sealift Holdings, Inc., Sealift, Inc., Black Eagle Shipping, LLC, Sagamore Shipping, LLC, Fortune Maritime, LLC, Sealift Tankships, LLC, and Remington Shipping, LLC, (collectively referred to as "Defendants"). In their Motion, Defendants request that this Court issue an order appointing retired Philippines Supreme Court Justice Arturo Brion as arbitrator, and in addition or in the alternative, enjoin Plaintiff, Daniel Gonzales Llagas, from further pursuit of arbitration or litigation in a manner not permitted by his employment contract.

## INTRODUCTION AND PROCEDURAL HISTORY

Llagas, a citizen of the Philippines, filed this suit individually and as a putative class representative in the Fourteenth Judicial District Court, Calcasieu Parish. Llagas alleges that Defendants operate a single business enterprise comprised of various ships he identifies as the "Sealift Fleet."[1] Llagas alleges he was a seaman aboard the Sealift Fleet from 2015 to 2017; he brings claims for unpaid waged on behalf of himself and a putative class against the

---
[1] Rec. 1-1, Petition for Damages.

Defendants under U.S. law and general maritime law. Llagas alleges that he had no contract with any of the Defendants, and therefore is entitled to the highest rate of pay as mandated by 46 U.S.C. § 11107.[2]

Llagas alleges that during his employment, Defendants engaged in conduct that violates various statutes of the United States, *to wit*: (1) that Defendants employed Llagas and other foreign nationals for a cumulative period exceeding sixty (60) days contrary to 46 U.S.C. § 8106; (2) that Defendants employed Plaintiff and other foreign nationals who did not possess proper Merchant Mariner's documents or were otherwise not properly certificated in violation of 46 U.S.C. § 8701; (3) that Defendants did not allow, require, or permit Llagas and other foreign nationals in their employ to sign Shipping Articles in violation of 46 U.S.C. § 10302; (4) that Defendants failed to pay proper wages to Llagas and other foreign national in their employ in violation with 46 U.S.C. § 11107 and general maritime law; and (5) that Llagas and other similarly situated foreign nationals are entitled to Delay and Penalty Wages pursuant to 46 U.S.C. § 10313.[3]

Even though Llagas admits in a Stipulation that he was paid all wages due to him under a contract of employment, he alleges that Defendants "failed to make payment of the full wages due to him and the class he seeks to represent."[4] However, in his Petition, Llagas asserts that he has not signed any employment contract with any of the Defendants. Llagas also asserts a cause of action for Delay and Penalty Wages pursuant to 46 U.S.C. § 10313.[5]

---

[2] 46 U.S.C. § 11107 provides as follows:
    An engagement of a seaman contrary to a law of the United States is void. A seaman so engaged may leave the service of the vessel at any time and is entitled to recover the highest rate of wages at the port from which the seaman was engaged or the amount agreed to be given the seaman at the time of engagement, whichever is higher.
[3] Rec. `1-1, ¶¶ 5-10, Petition for Damages.
[4] Stipulation, Rec. 69; Petition for Damages, Rec. 1-1, ¶ 10.
[5] Id. ¶ 13.

The case was removed to this Court on March 29, 2017.[6] On May 2, 2017, Llagas filed a Motion to Transfer Venue and Enforce Forum Selection Clause,[7] and a Motion to Strike Notice of Removal Based on Admiralty Jurisdiction, and a Motion for Trial by Jury on Issue of Arbitration.[8] On that same day, Defendants filed a Motion to Stay Litigation, and an opposed Motion to Compel Arbitration.[9] On May 17, 2017, Llagas filed a Motion to Stay and Motion to Expedite.[10] The Magistrate Judge granted the Motion to Stay and the Motion to Expedite which effectively stayed all motions other than the Motion to Transfer Venue.[11]

Defendants then filed a Motion for Reconsideration[12] regarding the Magistrate Judge's ruling to stay briefing and consideration of the Motion to Strike Notice of Removal Based on Admiralty Jurisdiction, Motion for Trial by Jury, and Motion to Stay Litigation, Motion to Compel Arbitration.[13] The Motion for Reconsideration was denied by the Magistrate Judge. By Electronic Order, Magistrate Judge Kay denied the Motion for Reconsideration pending resolution of the Motion to Transfer Venue.[14] On July 12, 2017, the Magistrate Judge denied the Motion to Transfer Venue,[15] and reset the briefing deadlines as to the previous stayed motions.[16] On July 21, 2017, Llagas filed an opposed Motion to Stay the Motion to Strike Notice of Removal,[17] Motion for Trial by Jury, Motion to Stay Litigation and Motion to Compel Arbitration. This Motion to Stay was denied.[18]

---

[6] Rec. 1, Notice of Removal.
[7] Rec. 6.
[8] Rec. 8.
[9] Rec 9.
[10] Rec. 14.
[11] Rec. 15.
[12] Rec. 16.
[13] Recs. 8 and 9.
[14] Rec. 19.
[15] Rec.. 22.
[16] Rec. 23.
[17] Rec. 24.
[18] Rec. 26.

On July 24, 2017, Llagas filed an Appeal of the Magistrate Judge decision which was referred to Judge Patricia Minaldi.[19] On July 27, 2017, Llagas again filed a Motion to Stay[20] the Motion to Strike Notice of Removal, Motion for Trial by Jury, Motion to Stay Litigation, Motion to Compel Arbitration, and Motion to Expedite Consideration. On August 3, 201, Llagas filed a "Motion to Certify Class.[21] On August 4, 2017, Magistrate Judge Kay, granted the Motion to Expedite and denied the Motion to Stay.[22] On August 11, 2017, the case was reassigned to the "Unassigned District Judge."[23]

On November 30, 2017, Chief Judge Hicks affirmed the Magistrate Judge's Ruling (Rec. 22) which denied the Motion to Transfer Venue.[24] On July 27, 2018, Magistrate Judge Kay issued a Report and Recommendation recommending that the Motion to Strike Admiralty Jurisdiction, Motion for Trial by Jury be denied; it also recommended that Defendants' Motion to Stay Litigation and Motion to Compel Arbitration be granted, and finally that Llagas' Motion to Certify Class be denied.[25] Due to a subsequent filed Stipulation by Llagas, the Magistrate Judge issued an order for Llagas to supplement his opposition to the Motion to Stay Litigation and Compel Arbitration, limited to the conclusions reached in the aforementioned Report and Recommendation.[26]

After the parties submitted further briefing, the Magistrate Judge issued a Supplemental Report and Recommendation.[27] In that Report the Magistrate Judge recommended that the

---

[19] Recs. 27 and 28.
[20] Rec. 29.
[21] Rec. 36.
[22] Rec.40.
[23] Rec. 42.
[24] Rec. 53.
[25] Rec. 55.
[26] Recs. 69 and 70.
[27] Rec. 76.

4

Motion to Stay Litigation and the Motion to Compel Arbitration be granted. Specifically, the Magistrate Judge found that a binding valid arbitration agreement existed under the "intertwined claims" doctrine. On March 20, 2019, Judge Hick adopted the Report and Recommendation.[28]

Llagas filed a Motion for Reconsideration[29] on April 3, 2019 and also filed for a petition for *writ of mandamus* with the Fifth Circuit on April 18, 2019.[30] On April 25, 2019, the Fifth Circuit denied the petition for *writ of mandamus.*[31] On June 7, 2019, Judge Hicks issued a Memorandum Order as to Llagas' Motion for Reconsideration. The Order granted the Motion to Reconsider to the extent that an Amended Judgment would be forthcoming only to clarify the Court's reasoning, but not to alter its result.[32] The Amended Judgment, issued June 12, 2019, denied the (1) Motion to Strike Admiralty Jurisdiction, (2) Motion for Trial by Jury, and (3) Motion to Certify Class, and granted the (1) Motion to Stay Litigation and (2) Compel Arbitration.[33]

On July 10, 2020, the matter was reassigned to the undersigned. On January 22, 2020, Defendants filed the instant motion which is before the Court.

## **LAW AND ANALYSIS**

In the instant motion, Defendants complain that even though this Court ordered Llagas to proceed with arbitration over seven (7) months ago, he has made no progress towards that goal; rather, he has instituted a proceeding not authorized by the employment contract, and if

---

[28] Rec. 84.
[29] Rec. 85.
[30] Rec. 88.
[31] Rec. 89.
[32] Rec. 91.
[33] Rec. 92.

granted an award, it would be subject to mandatory vacatur. Defendants request that this Court appoint a properly accredited arbitrator and otherwise enjoin Llagas from further vexatious and oppressive proceedings.

As previously noted, Defendants' Motion to Stay Litigation and Compel Litigation was granted. Defendants complain that Llagas has failed to comply with his Employment Contract and the incorporated Standard Terms and Conditions of the Philippine Overseas Employment Administration ("POEA").[34] Defendants refer to the following provision of Llagas' POEA contract:

> **Section 29: Dispute Settlement:** In cases of claims and disputes arising from this employment, the parties covered by a collective bargaining agreement shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of voluntary arbitrators. If the parties are not covered by a collective bargaining agreement, the parties may at their option submit the claim or dispute to either the original and exclusive jurisdiction of the National Labor Relations Commission ("NRLC"), pursuant to Republic Act (RA) 8042 otherwise known as the Migrant Workers and Overseas Filipinos Act of 1995, as amended, or to the original and exclusive jurisdiction of the voluntary arbitrators or panel of arbitrators. If there is no provision as to the voluntary arbitrators to be appointed by the parties, the same shall be appointed from the accredited voluntary arbitrators of the National Conciliation and Mediation Board ("NCMB") of the Department of Labor and Employment. The Philippine Overseas Employment Administration (POEA) shall exercise original and exclusive jurisdiction to hear and decide disciplinary action on cases, which are administrative in character, involving or arising out of violations of recruitment laws, rules and regulations involving employers, principals, contracting partners and Filipino seafarers.[35]

Defendants contend that instead of complying with the foregoing provision with regard to appointing an arbitrator, Llagas has submitted a letter to the President of the Integrated Bar of the Philippines (the "IBP") requesting that the President appoint a sole arbitrator specifically

---

[34] Rec. 9-1, p.1.
[35] POEA Standard Terms and Conditions, Rec. 9-4, p. 16.

selected by Llagas, Alfonso M. Gomos.[36] Defendants assert that Mr. Gomos is not affiliated with either of the two arbitral bodies authorized under the POEA (namely, the NLRB and NCMB), nor is Mr. Gomos, properly accredited.

Llagas contends that this Court did not specifically order him to follow the exact procedural requirements of "Section 29. Dispute Resolution Procedures" because Defendants did not specifically ask that this procedure be followed. Therefore, Llagas filed the request for the appointment of the arbitrator to the President of the IBP. He further informs the Court that no appointment has been made by either the NRLC, the NCMB or the IBP, noting that Defendants opposed the IBP appointment by letter dated November 5, 2019. In that letter, Defendants requested that the IBP "defer its appointing authority and refer the matter for arbitration in accordance with the POEA contract."[37] As of this date, it appears that an arbitrator has not been appointed. Llagas further complains that Defendants has also failed to comply with Section 29 because Defendants have not sought an arbitrator with either the NCMB or the NLRC.

In the Supplemental Report and Recommendation, the Magistrate Judge concluded that Plaintiff's claims "necessarily rely on the Employment Contract and defendants may rely on the arbitration clauses incorporated therein."[38] Magistrate Judge Kay further found pursuant to the "intertwined claims" doctrine, that "[d]espite plaintiff's "Stipulation" we still find a valid arbitration agreement existed and binds plaintiff to arbitrate his claims."[39]

---

[36] See Exhibit 3 to the Declaration of Charles Dela Crus, attached as Exhibit A.
[37] Sealift's Response to Plaintiff's Letter Request to IBP, *Memorandum in Support of Motion to Appoint Arbitrator and, Additionally or in the Alternative, Motion to Enjoin Select Foreign Proceedings* (Rec. 94-6), p. 3.
[38] Rec. 76 p. 4.
[39] Id.

In her Supplemental Report and Recommendation, the Magistrate Judge "concluded that the ***arbitration clause incorporated in plaintiff's employment contract with Magsaysay and Lots could be enforced by Sealift*** under the 'intertwined claims' doctrine."[40] Under the "intertwined claims" doctrine, a non-signatory may enforce an arbitration agreement "when a signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the non-signatory." *MS Dealer Service Corp. v. Franklin,* 177 F.3d 942, 947 (11th Cir. 1999), *cited with approval in Grigson v, Creative Artists Agency, LLC,* 210 F.3d 524, 527 (5th Cir. 2000), *abrogated on other grounds by Arthur Andersen LLP v. Carlisle,* 129 S.Ct. 1896, 1902 (2009).

Llagas's filed a Motion to Reconsider.[41] In response, Chief Judge Hicks, previously assigned to the matter, issued a Memorandum Order and Amended Judgment. In his Memorandum Order, Judge Hicks cited case law that recognized that a non-signatory may compel a signatory to arbitrate in two difference circumstances, the first of which was relied upon by the Magistrate Judge.

Judge Hicks expressly stated in the Amended Judgment that "Plaintiff's claims that in this case '**rely on the terms of the written agreement**' (emphasis in original) (the Employment Contract) because each of his claims 'makes reference to or presumes the existence of the written agreement' and thus 'arise out of and relate directly to the written agreement' and 'arbitration is appropriate'"[42]

---

[40] Rec. 76, p. 2.
[41] Rec. 85.
[42] Rec. 92, p. 1.

The undersigned finds that Plaintiff counsel's argument and/or position that "Sealift did not explicitly ask, and this Honorable Court did not order, Plaintiff to follow the exacting procedural requirements of 'Section 29. Dispute Resolution Procedures' in the POEA employment contract" is incredible at best. Having reviewed the record and the rulings in this case, it is abundantly clear that these rulings expressly mandated that the parties arbitrate this matter pursuant to Section 29. Dispute Resolution Procedures of the POEA employment contract.

Counsel complains that Sealift's challenge to the arbitral proceeding belongs before the arbitral bodies in the Philippines. Counsel's argument that Defendants are requesting that this Court issue an order for Plaintiff to correct arbitral procedure is equally unavailing. As noted by Sealift, the POEA (employment contract) provides the procedure for appointing an arbitrator. 9 U.S.C.A § 5 provides the following:

> If in the agreement provisions be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reasons there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

By requesting that the IBP initiate arbitration, counsel for Llagas has failed to comply with the method provided in the POEA as ordered by this Court. Accordingly, § 5 provides relief to the aggrieved party. Section 5 grants this Court the authority to designate and appoint an arbitrator.

Next, counsel for Llagas argues that this Court's appointment of an arbitrator would be a violation of the Convention Act, 9 U.S.C. § 206;[43] counsel maintains that these provisions only allows a court to appoint arbitrators "in accordance with the provisions of the agreement" and 9 U.S.C. § 5 requires a court to appoint arbitrators as agreed upon by the parties. The Court agrees. The previous ruling by the Magistrate Judge Kay and Judge Hicks attempted to compel the parties to arbitrate pursuant to the arbitration provision in the POEA. However, counsel for Llagas failed to comply with this Court's rulings and orders. As such, § 5 comes into play which permits this Court to appoint an arbitrator.

Both parties are attempting to appoint their own chosen arbitrator. However, this Court believes that to the extent possible, we should comply with the procedures stated in the POAE. Section 29 provides that the arbitrators shall be selected either from the NRLB or the NCMB. Due to history of this litigation, the Court is inclined to select the NLRB in which case an arbitrator will be assigned by random lottery.

## **CONCLUSION**

For the reasons set forth above, the Court will grant the motion to appoint an arbitrator only to the extent that Plaintiff, Llagas shall comply with Section 29 of the POAE. Llagas shall proceed with arbitration with the NCMB within 30 days of this ruling. The Court will deny Defendant's request to enjoin Llagas's other proceedings, as the matter is now before the Philippine arbitral system. Accordingly, it is

---

[43] 9 U.S.C.A § 206 provides:

A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States. Such court may also appoint arbitrators in accordance with the provisions of the agreement.

10

**ORDERED** that the Motion to Appoint Arbitrator is hereby **GRANTED** to the extent that Plaintiff, Daniel Gonzales Llagas is ordered to initiate arbitration proceedings with the National Conciliation and Mediation Board of the Department of Labor and Employment, relative to this matter within thirty (30) days of this order, and Defendants are to comply with the rules and procedures of the NRLB; otherwise the motion is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 13th day of March, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**