Republic of the Philippines
Department of Labor and Employment
## NATIONAL LABOR RELATIONS COMMISSION
National Capital Region
Quezon City

 

**DANIEL G. LLAGAS,**
*Complainant/s,*

- versus -

NLRC NCR Case No.05-01092-21 (m)

**MAGSAYSAY MARITIME CORPORATION,/**
**SEALIFT HOLDINGS, INC./**
**MARLON ROÑO,**
*Respondents.*

X- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

- BLACK EAGLE "

CDD
CBG

## NOTICE OF DECISION

**DANIEL GONZALES LLAGAS**
Complainant
212 MH Del Pilar St., Maysilo
Malabon City, Metro Manila

**ATTY. JOSEPH A. CAPUYAN**
**CAUYAN & QUIMPO LAW OFFICE**
Counsel for Complainant
3rd/F, Doña Guadalupe Bldg.,
7462 Bagtikan St., San Antonio Vill.,
Makati City

**MARLON ROÑO**
**THE OWNER/MANAGER/PRESIDENT**
**MAGSAYSAY MARITIME CORPORATION**
7th Floor, Magsaysay Building
520 TM Kalaw St., Ermita, Metro Manila 1000

**THE OWNER/MANAGER/PRESIDENT**
**SEALIFT HOLDINGS, INC.**
**c/o MAGSAYSAY MARITIME CORPORATION**
7th Floor, Magsaysay Building
520 TM Kalaw St., Ermita, Metro Manila 1000

**ATTY. CHARLES JAY D. DELA CRUZ**
**DEL ROSARIO & DEL ROSARIO LAW OFFICES**
Counsel for Respondents
14th/F, DelRosarioLaw Centre
21st Dr. Cor 20th Dr.,
BGC 1630 Taguig

**G R E E T I N G S:**

You are hereby notified that on **29 December 2021,** a(n) **DECISION[1]**, copy attached, was rendered in the above-entitled case.

Pursuant to Article 223 of the Labor Code, as amended, and under Section 1, Rule VI of the 2011 NLRC Rules of Procedure, as amended, "Decisions, awards, or orders of the Labor Arbiter shall be final and executory unless appealed to the Commission by any or both parties within ten (10) calendar days from receipt thereof; xxx."[2]

The decision of the Labor Arbiter reinstating a dismissed or separated employee, insofar as the reinstatement aspect is concerned, shall immediately be executory, even pending appeal. The employee shall either be admitted back to work under the same terms and conditions prevailing prior to his dismissal or separation or, at the option of the employer, merely reinstated in the payroll. **The employer is likewise directed to submit a report of compliance within ten (10) calendar days from receipt of the DECISION/ORDER.**

The posting of a bond by the employer shall not stay the execution for reinstatement.
No motion for reconsideration of this Decision/ Order/ Resolution shall be entertained.

Quezon City, Philippines, 4 January 2022.

By the Authority of the Labor Arbiter:

**ALFONSO M. MOLINO**
Labor Arbitration Associate

---

[1]**Appeal from any interlocutory order of the Labor Arbiters are not subject of Appeal, pursuant to Section 5 (g), Rule V of the 2011 NLRC Rules of Procedure, as amended.**
[2]**Please refer to requisites for perfection of an appeal at the back.**
373 Bookman Building, Quezon Avenue, Quezon City 1114
website: www.nlrc.dole.gov.ph   email address: ncrabquery@gmail.com/nlrcncr.admunit@gmail.com
Contact No.:  Smart – 0960 819 1210 / Globe – 0966 982 2166

Exhibit 1





Republic of the Philippines
Department of Labor and Employment
**NATIONAL LABOR RELATIONS COMMISSION**
**National Capital Region**
Quezon City

**DANIEL G. LLAGAS,**
*Complainant,*

-versus-        **NLRC NCR OFW Case No. (M) 05-0192-21**

**MAGSAYSAY MARITIME CORP.,**
**SEALIFT HOLDINGS, INC.,**
**MARLON R. ROÑO,**
*Respondents.*
X---------------------------------------------------------X

**DECISION**

This is a complaint for monetary claims for underpayment of salary/wages and overtime pay; damages and attorney's fees.

The ongoing pandemic prompted the issuance of NLRC *En Banc* Resolution No. 03-20, Series of 2020, terminating the mandatory conferences scheduled during the period where the entire Luzon was placed under community quarantine. Hence, both parties were directed to submit their position papers and other pleadings in support of their respective claims.

Stripped of non-essentials, the summary of the facts are as follows:

Complainant Llagas is a Filipino seafarer who entered into several 3-month contracts with respondent Magsaysay Maritime Corporation for LOTS International Limited to work as Fitter on board several US-flagged vessels. His last contract was entered last September 26, 2016. He left the country on 6 October 2016 to join the vessel MV BLACK EAGLE. After



*DECISION*
*Daniel G. Llagas vs. Magsaysay Maritime Corp.*
*NLRC NCR OFW Case No. (M) 05-01092-21*
*Page 2 of 11*
x------------------------------------------------------------------x

completing his contract, complainant was signed off and arrived Manila, Philippines on 3 January 2017.

In his Complaint, complainant sought to collect sums of money for underpayment of salary/wages and overtime pay. However, in Complainant's Position Paper, he added several other causes of actions invoking several US Laws and likewise joined several other parties as party-respondents.

The issue is: Whether or not Complainant is entitled to his money claims?

However, as we go along the arguments of Complainant on one hand, and the defenses and rebuttal arguments of respondents on the other hand, there lies another issue: Whether complainant's employment contract with respondents is governed by US Law or Philippine law.

Thus, in resolving this Complaint, this Arbitration Court shall compartmentalize its resolution into two main points: Procedural and Substantive.

## On the Procedural Aspect

***Due process violated when Complainant's Position Paper named parties not included in the Complaint***

In any proceedings, and most especially in a money claim such as the present Complaint, due process dictates that parties must be notified of the Complaint to give them the opportunity to respond thereto.

This Arbitration Court is mindful that the Complaint was filed and corresponding Summons were served upon three (3) party-respondents namely Magsaysay Maritime Inc., Sealift Holdings Inc. and Mr. Marlon Roño. Yet, in Complainant's Position Paper, he sought to involve and collect from seven (7) other companies namely:



*DECISION*
*Daniel G. Llagas vs. Magsaysay Maritime Corp.*
*NLRC NCR OFW Case No. (M) 05-01092-21*
*Page 3 of 11*
X------------------------------------------------------------X

a.   Sealift Incorporated;
b.   Sealift Inc. of Delaware,
c.   Sealift LLC
d.   Black Eagle Shipping LLC
e.   Fortune Maritime, LLC;
f.   Sagamore Shipping LLC and
g.   Sealift Chemicals LLC.

Aside from the fundamental precepts of due process, this Arbitration Court acquired no jurisdiction over the above companies who are not included in the Complaint as well as the corresponding Summons. There is likewise no amended Complaint impleading the above parties.

In any event, the entity Sealift Holdings Inc. is impleaded in the present Complaint and this Arbitration Court further notes that it is the Owner of the vessel MV BLACK EAGLE, where complainant last served as Fitter.

### No class suit in the present Complaint

Neither can this Arbitration Court consider the present Complaint a class suit.

Foremost, there is no showing the complainant Llagas represents a class.

It bears stressing that the present Complaint does not automatically convert into a class suit merely because Complainant designated it in Complainant's Position Paper. Whether the suit is or is not a class suit depends upon the attending facts, and the complaint, or other pleading initiating the class action should allege the existence of the necessary facts, the existence of a subject matter of common interest, and the existence of a class and the number of persons in the alleged class, in order that courts might be enabled to determine whether the members of the class are so numerous as to make it impracticable to bring them all before the court, to contrast the number appearing on the record with the number in the class and to determine whether claimants on record



*DECISION*
*Daniel G. Llagas vs. Magsaysay Maritime Corp.*
*NLRC NCR OFW Case No. (M) 05-01092-21*
*Page 4 of 11*
x--------------------------------------------------------------x

adequately represent the class and the subject matter of general or common interest.  In the present case, complainant even failed to state the very simple fact of the number of Filipino seafarers, working on board US-flagged vessels, who would be affected.

Secondly, there is no showing that there are other parties i.e. Filipino seafarers, similarly situated, who joined in the Complaint and/or authorized complainant to join them in the present Complaint.

### *Monetary claims under US Law not included as cause of action in the Complaint, failure to prove US Law in accordance with the Rules on Evidence*

As pointed out by respondents, complainant included in his Position Paper other causes of action, not specified in the Complaint. The NLRC Rules of Procedure provides that the parties' position papers, especially that of the claimant,  should only cover claims and causes of action raised in the complaint.

A perusal of the Complaint will show that complainant is only claiming underpayment of salary/wages and overtime pay covering the employment period from October 6, 2016 until January 3, 2017.

On the Substantive Issues

Even if the present Complaint is allowed and given due course, despite its procedural infirmities,  this Arbitration Court still rules to deny complainant's claims.

### *No underpayment of salaries/wages and overtime pay*

After examining the records of the case and the parties' arguments, this Arbitration Court finds that there is substantial evidence to deny complainant's claim.



*DECISION*
*Daniel G. Llagas vs. Magsaysay Maritime Corp.*
*NLRC NCR OFW Case No. (M) 05-01092-21*
*Page 5 of 11*
x~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~x

While complainant in his Position Paper claims underpayment of salary/wages and overtime pay for his contracts dated 21 January 2015 until 26 September 2016; respondents are obliged to respond only to the charges confined in the Complaint which covers the period 6 October 2016 until 3 January 2017. The claim for the previous contracts are thus patently baseless and deserve scant consideration.

In the POEA-approved contract dated 26 September 2016, the following items are specified:

| | | |
|---|---|---|
| 1.3 | Basic Wage | $600.00 per month |
| 1.4 | Hours of Work | $48 hours per week |
| 1.5 | Fixed Overtime | $334.05 per month |
| | | $3.93 per hour for work performed in  excess of 85 hours fixed OT/month |
| 1.6 | Leave Pay | $120.00 per month |

Complainant did not submit any evidence or much less a computation to substantiate how much he was paid, let alone "unpaid" by respondents. In the interest of justice and fair play, this Arbitration Court cannot allow Complainant Llagas to rely on the presumption that respondents have the burden to disprove his monetary claims since he himself did not submit evidence or any basis (i.e. time sheets, payslips) to support his claim. Surely, the legal presumption was not contemplated to overburden and harass the employers.

Contrary to complainant Llagas unsubstantiated claim; this Arbitration Court considers respondents to have satisfactorily proven compliance with the above cited terms and conditions written in the contract of employment, particularly payment of wages and all other remuneration.



*DECISION*
*Daniel G. Llagas vs. Magsaysay Maritime Corp.*
*NLRC NCR OFW Case No. (M) 05-01092-21*
*Page 6 of 11*
x--------------------------------------------------------------x

      In Respondents' Position Paper they submitted Payslips and Proof of Deposits for both allotment and the remaining remuneration to complainant's designated BDO bank accounts.   Added up, the amounts deposited to complainant's designated BDO bank accounts would even sum up to more than what is enumerated in the POEA-approved contract.

      As to overtime pay, this Arbitration Court takes judicial notice that the legal presumption that employers have the burden to prove payment thereof does not apply to overtime pay.   On the contrary, it is incumbent  upon the employee, as in the case of Complainant Llagas, to first prove that he actually rendered service beyond the fixed overtime of 85 hours and beyond the fixed overtime pay specified in his contract.   Needless, to state that the burden of proving entitlement to overtime pay rests on the employee because these are not incurred in the normal course of business.[1]

      Moreover, this Arbitration Court notes that in Respondents' Reply they submitted before the US District Court of Louisiana, a document entitled Stipulation signed by complainant Llagas admitting that "he has been paid in full all wages due under any Contract of Employment."  Since this document was neither denied nor refuted by complainant, this Arbitration Court acknowledges and so declares the same as a waiver of claims for all wages including overtime pay for the period he was employed by respondents.

      This Arbitration Court finds that respondents were able to prove with legal certainty that their obligation to pay complainant Llagas his salary/wages and overtime pay was discharged by payment. The burden to present evidence now shifted to complainant Llagas to show why the payment did not extinguish the obligation which he utterly failed to do.



---

[1] *Loon vs. Power Master, Inc., G.R. No. 189404, December 11, 2013, citing Lagatic vs. National Labor Relations Commission, G.R. No. 121004, January 28, 1998.*

*DECISION*
*Daniel G. Llagas vs. Magsaysay Maritime Corp.*
*NLRC NCR OFW Case No. (M) 05-01092-21*
*Page 7 of 11*
x----------------------------------------------------------------x

### *Employment contract executed in Philippines, lex loci contractus hence, Philippine Laws apply*

Complainant claims in his Position Paper that he is entitled to sums of money under his employment contract. While his claim covers other causes not mentioned in the Complaint, this Arbitration Court finds imperative to finally address the same and settle the issue once and for all.

As the claim finds basis in the employment contract, this Arbitration Court shall examine the actual contract signed by the parties.

A perusal of the several contracts submitted by complainant leads this Arbitration Court to conclude that extrinsically, Philippine laws apply.

The employment contract entered between complainant and respondent including past contracts were all executed here in Manila, Philippines.

To dissect, the contract was not only executed in the Philippines, it was also performed here, at least partially when pre-departure trainings were conducted and other documentary requirements were collected; complainant being a Philippine citizen. While respondent Sealift Holdings Inc., Owner of the vessel is a foreign corporation, it is represented by a Philippine manning agent, respondent Magsaysay Maritime Corporation who in turn has a POEA-registered principal LOTS International Limited. For all intents and purposes, complainant was recruited and hired in Manila, Philippines. Lastly, while complainant had successive contracts with respondents, he is based in the Philippines while he is on leave.

Guided by the principle of *lex loci contractus,* all the above contacts point to the Philippines as a proper forum for the resolution of any and all contractual disputes between complainant and respondents.



*DECISION*
*Daniel G. Llagas vs. Magsaysay Maritime Corp.*
*NLRC NCR OFW Case No. (M) 05-01092-21*
*Page 8 of 11*
x----------------------------------------------------------------x

## *US Laws deemed not applicable to herein complainant*

Complainant claims in his Position Paper that he is entitled to sums of money as a result of respondents' violation of the following US Laws: 46 U.S.C. §8106, 46 U.S.C. §8701; 46 U.S.C. §10302, 48 CFR 252.247-7027 and further entitled to penalties as per 46 U.S.C. §11107; 46 U.S.C. §10313 and attorney's fees and costs under the General Maritime Law of the United States.

This Arbitration Court rules in the negative.

Foreign laws do not prove themselves nor can the court take judicial notice of them. Like any other fact, they must be alleged and proved. While complainant failed to prove the existence of the various US Laws he invokes, this Arbitration Court finds that respondents were able to substantially prove in accordance with the rules of evidence, the existence of these laws as well as inapplicability to a Filipino seafarer as per American jurisprudence.

In Respondents' Supplement Reply to Complainant's Position Paper, respondents submitted the original Sworn Affidavit of US lawyer, Alan R. Davis executed before the Notary Public Lorin R. Scot and subscribed and sworn to before Consul Roberto Romero at the Philippine Consulate in New Orleans, Louisiana where complainant Llagas filed suit. For purposes of reference and in order to finally settle the present Complaint, this Arbitration Court admits said document as proof of the existence of the US Laws and admits as evidence the testimony of Mr. Davis that the US Laws invoked by Complainant in his Position Paper does not apply to him or to any Filipino seafarer in that matter.

Prior to signing the contract, complainant Llagas' vessel of assignment had already been pre-determined. Even on the face of the contracts he signed, complainant Llagas knew as it was clearly indicated that he will be joining a US-Flagged vessel. At the point in time and prior to consenting thereto, complainant Llagas ought to have questioned the salary/wages and other benefits under US Law that should be included in the employment contract. But this, complainant Llagas did not do. Further, complainant Llagas failed to present any addendum to his



POEA-approved contract making applicable certain provisions of the US Law applicable to him, a Filipino seafarer.

A contract freely entered into should be respected since it is the law between the parties. Unless the stipulations in the contract are contrary to laws, morals good customs, public order or public policy, the same are binding as between the parties. As such, complainant's contract with respondents is governed by the contract he signed each and every time he boarded his vessel of assignment.

It is most significant to note the contracts between complainant and herein respondents are POEA-approved. Deemed written in these contracts are the terms and conditions of the POEA Standard Employment Contract or POEA SEC. This Arbitration Court cannot understate respondents' position that such contract is stamped with the State's imprimatur, it being a product of a tripartite agreement between the Philippine government through the Department of Labor and Employment, seafarers' group and the association of employers.

Intrinsically therefore, the validity of the governing terms and conditions of complainant's employment contract with respondents, including all benefits and entitlements, its interpretation is in all squares deemed valid. Intrinsically, and again guided by the principle of *lex loci celebritionis*, it is governed by only Philippine laws.

This Arbitration Court takes note respondents' argument adopted from *Dziennik vs. Sealift Holdings Inc.* cited in the Affidavit of Mr. Alan R. Davis where a US Court interpreted the meaning of the "*engagement*", "*engaged*" and the "*port from which the seaman was engaged*" which could easily pertain to and is equivalent to the term "point of hire" in the POEA SEC. Again, a perusal of the contract between complainant and respondents clearly indicates that the point of hire is Manila, Philippines. Significantly, there was an apparent reason and wisdom why the contract itself clearly indicates the point of hire. In fact, in Section 2 (a) of the POEA SEC, the duration of the contract commences upon departure from the point of hire and remains effective until the date of arrival at the point of hire. As such, only the laws of the Philippines, being



*DECISION*
*Daniel G. Llagas vs. Magsaysay Maritime Corp.*
*NLRC NCR OFW Case No. (M) 05-01092-21*
*Page 10 of 11*
x-----------------------------------------------------------------x

the point of hire shall govern the relationship between complainant and respondents, to the exclusion of any other jurisdiction.

Even assuming *ex gratia argumenti* that the US laws invoked by complainant is remotely applicable, still, he miserably failed to prove by any slight of evidence that he, a Filipino seafarer is in fact considered a "gang member" under US Law. Complainant even failed to discuss the requisites and conditions entitling him to benefits under said US laws and that he has complied with all the requisites entitling him to the benefits under the US laws which he invokes.

In the light of the above discussion, all of complainant's monetary claims cannot be sustained for lack of basis and merit.

On the claim for moral and exemplary damages, this Arbitration Court's records clearly show that complainant failed to prove that respondents' acts evinces bad faith or malice that would warrant the award of damages. Bad faith "implies a conscious and intentional design to do a wrongful act for a dishonest purpose or moral obliquity."[2] Cathay Pacific Airways v. Spouses Vazquez[3] established that bad faith must be proven through clear and convincing evidence. This is because "[b]adfaith and fraud . . . are serious accusations that can be so conveniently and casually invoked, and that is why they are never presumed. They amount to mere slogans or mudslinging unless convincingly substantiated by whoever is alleging them."[4] Here, there was no clear and convincing evidence of bad faith adduced by complainant. This Arbitration Court further fails to note sufficient allegations to award penalties, legal interests and attorney's fees. Hence, these claims should be denied.



---

[2] *Laureano Investments and Development Corp. v. Court of Appeals*, 338 Phil. 759, 771 (1997) [Per J. Panganiban, Third Division].
[3] 447 Phil. 306 (2003)
[4] *Id.*

*DECISION*
*Daniel G. Llagas vs. Magsaysay Maritime Corp.*
*NLRC NCR OFW Case No. (M) 05-01092-21*
*Page 11 of 11*
x- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

This Arbitration Court is always mindful that justice is in every case for the deserving, to be dispensed with in the light of established facts, the applicable law and, existing jurisprudence.[5]

**WHEREFORE,** premises considered, the above entitled complaint for underpayment of salary/wages and overtime pay under Philippine Law and US Law is **DISMISSED** for lack of basis and merit.

All other claims are dismissed for paucity of merit.

**SO ORDERED.**

Quezon City, Philippines this 29th day of December 2021.

**HON. JOHN-JOHN S. SALIBA**
*Labor Arbiter*

---

[5] *Magsaysay Maritime Corporation v. National Labor Relations Commission, G.R. No. 186180, March 22, 2010, 616 SCRA 362, 380-381*